UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES WILLIAMS, JR.,

        Plaintiff,

        -v-                     5:24-CV-573

ATKINS *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                     OF COUNSEL:

CHARLES WILLIAMS, JR.
Plaintiff, Pro Se
4092
Cayuga County Jail
7445 County House Road
Auburn, NY 13021

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On April 29, 2024, *pro se* plaintiff Charles Williams, Jr. ("plaintiff"), who is currently confined at the Cayuga County Jail, filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights in connection with a state-court matter. *See* Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2–3.

On June 11, 2024, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint be accepted in part, dismissed in part, and that plaintiff should be given *partial* leave to amend his claims.  Dkt. No. 5.

As to defendant Jon Budelmann, Judge Dancks determined that he was entitled to absolute prosecutorial immunity.  Accordingly, any § 1983 claims against him should be dismissed <u>with prejudice</u>.

As to defendant Jane Doe Registered Nurse, Judge Dancks concluded that plaintiff's § 1983 claims against her were insufficiently alleged; *i.e.*, even accounting for his *pro se* status, plaintiff's complaint failed to explain how "Jane Doe's conduct violated any right, privilege, or immunity secured by the U.S. Constitution."  Accordingly, any § 1983 claims against her should be dismissed without prejudice and <u>with leave to amend</u>.

As to defendants Auburn Police Department Officers Atkins, Augello, Rivers, Spinelli, and John Doe (alleged to be a computer technician), Judge Dancks concluded that plaintiff's § 1983 claims for false arrest, false imprisonment, and malicious prosecution survived initial review as to <u>defendant Atkins</u>.  Judge Dancks also concluded that plaintiff's § 1983 claims for false arrest, false imprisonment, malicious prosecution, and falsified

evidence survived initial review as to <u>defendant John Doe</u>. Accordingly, these § 1983 claims required a response from these two defendants.[1]

However, Judge Dancks determined that plaintiff's § 1983 claims against defendants <u>Augello</u>, <u>Rivers</u>, and <u>Spinelli</u> were insufficiently pleaded because he failed to "explain in what allegedly unlawful actions" those three officers engaged. Accordingly, plaintiff's § 1983 claims against these defendants should be dismissed without prejudice and <u>with leave to amend</u>.

Finally, Judge Dancks recommended that any additional, likely state-law claims alleged by plaintiff—including those for "failure to protect and serve," "defamation," and "emotional suffering"—be dismissed without prejudice and <u>with leave to amend</u>.

Plaintiff has lodged objections to the R&R's conclusions. Dkt. No. 9. In addition to a few specific objections about certain defendants, plaintiff also seeks information regarding whether he is obligated to serve one or more of the named defendants at this time. *Id.* Plaintiff has also moved for the appointment of counsel to assist him. Dkt. No. 12.

Upon *de novo* review, the R&R is accepted and will be adopted in all respects. *See* 28 U.S.C. § 636(b)(1)(C). Plaintiff's motion to appoint counsel will be denied without prejudice to renew before Judge Dancks at a later

---

[1] Of course, an unidentified defendant cannot be served or respond until he is identified.

juncture in this litigation. *See generally Terminate Ctrl. Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 5) is ACCEPTED;

2. Plaintiff's motion to appoint counsel (Dkt. No. 12) is DENIED without prejudice;

3. Plaintiff's complaint is DISMISSED <u>with prejudice</u> against defendant Jon Budelmann;

4. Plaintiff's complaint is ACCEPTED for filing to the extent it asserts claims for: (1) false arrest against defendants Atkins and John Doe; (2) false imprisonment against defendant Atkins and John Doe; (3) malicious prosecution against defendants Atkins and John Doe; and (4) falsified evidence against defendant John Doe;

5. Plaintiff's remaining claims against the remaining defendants are DISMISSED without prejudice and with leave to amend;

6. Plaintiff shall have thirty days in which to submit an amended complaint;

7. If plaintiff chooses to file an amended complaint, the amended pleading shall conform to the Federal Rules of Civil Procedure and to the instructions set forth in Judge Dancks's R&R;

- 5 -

8. Plaintiff is cautioned that any amended pleading must be a complete pleading, which will supersede the original, and must include all the facts and causes of action that plaintiff intends to bring in this action. No facts or claims from the original pleading may be incorporated by reference;

9. If plaintiff choose to file an amended complaint, the matter shall be returned to Judge Dancks for further review and action as appropriate;

10. If plaintiff chooses <u>not</u> to file an amended complaint, at the end of this thirty-day period the Clerk of the Court is directed to issue a summons for defendant Atkins and to forward the summons and operative complaint to the U.S. Marshals Service for service upon defendant Atkins.[2]

The Clerk of the Court is directed to terminate the pending motions, terminate defendant Budelmann, and set a thirty-day deadline in which plaintiff may submit an amended pleading.

IT IS SO ORDERED.

Dated: July 26, 2024
      Utica, New York.

David N. Hurd
U.S. District Judge

---

[2] The Court cannot issue a summons against a John Doe defendant.